## GEORGE B. PRINDLE *v.* SARAH A. WILLIAMS, his Wife.

Unless a party has some property or interest in the State, upon which the jurisdiction of the Court is to operate, the appointment of a *curator ad hoc*, to represent such party, cannot be legally made.

There are only two cases in which curators may be appointed to represent absent wives, in suits instituted by the husband; one, when the wife has committed an infamous crime and fled from justice; the other, where the husband sues for separation from bed and board, on the ground of abandonment.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *M. C. Dunn*, for plaintiff and appellant. *John B. Robertson, curator ad hoc.*

OGDEN, J. This is an action of divorce by the husband against the wife, on the ground of adultery. It is alleged, that the wife fled from the State with her paramour, and that the plaintiff is ignorant where she lives. The appointment of a *curator ad hoc*, to defend the wife, was made under the prayer of the petition, and the cause put at issue by his answer, containing a general denial of the allegations of the petition. After hearing the evidence, and the cause being submitted, the District Judge came to the conclusion that the appointment of a *curator ad hoc* to represent the wife was unauthorized by law, and that consequently she had not been legally cited. A judgment of nonsuit having been rendered, the plaintiff has appealed. The only general provision contained in our laws for the appointment of a *curator ad hoc*, to defend an absentee, is Arts. 57 of the Civil Code, and 116 C. P. After many conflicting decisions of our Court, as to the correct interpretation and true extent and meaning of the articles, it has been held in several of the later decisions, that the article presupposes something upon which the jurisdiction of the Court can properly be based. See cases of *Dupuy* v. *Hunt*, 2 Ann. 562: *Peterson* v. *McRae*, 3 Ann. 101; *Augusta Ins. Co.* v. *Muton*, Ib. 417. We think our predecessors, in those cases, gave a correct construction to those articles of the Codes, and that unless a party has some property or interest in the State, upon which the jurisdiction of the Court is to operate, the appointment of a *curator ad hoc*, to represent such party, cannot be legally made.

The petition in this case represents that the parties were married in the State of Ohio, and afterwards came to this city to live; there is no allegation that they either brought with them, or have acquired any property since their removal to this State.

Our law views marriage in the light of a civil contract. A judgment rendered in favor of husband or wife, pronouncing a divorce, by which the marriage is dissolved, rests on the same principle on which all contracts may be dissolved by reason of an active or passive violation of the obligation of the contract by either party. But the mode of proceeding, and the particular rules by which the parties must arrive at their rights, are defined by our laws on the subject of divorce and separation from bed and board. Looking to those rules, we find it is correctly stated in the reason for the judgment of the Court below, that there are only two cases in which curators may be named to absent wives in suits instituted by their husbands—that of divorce on account of defendant having committed an infamous crime and being a fugitive from justice, and that of separation from bed and board claimed on the ground of abandonment. It follows, that the appointment of a *curator ad hoc* to the absent wife, under the circumstances of this case and allegations of the petition, was unauthorized by any of the rules the Legislature have thought proper specially to exact for proceedings in this particular class of cases; and the appointment is not justified by the general provision referred to, providing for the appointment of a *curator ad hoc* to absentees, any more than it would be in any other case of a suit brought to set aside a contract between parties, without their being any property of either party within the State to be affected by the judgment.

It is therefore ordered, that the judgment of the Court below be affirmed, with costs.